**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**DONNA CRAWFORD**
**ERICA CRAWFORD**                                                                              **PLAINTIFFS**

*v.*                                                                            **CIVIL ACTION NO. 3:05CV-306-S**

**MEYZEEK MIDDLE SCHOOL**
**JEFFERSON COUNTY PUBLIC SCHOOL SYSTEM**                          **DEFENDANTS**

**MEMORANDUM OPINION**

Donna Crawford ("Crawford") filed a *pro se* complaint in her own name and on behalf of her minor daughter, Erica Crawford[1] (DN 1). Because Crawford is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

**I. SUMMARY OF CLAIMS**

Crawford filed a *pro se* civil action on a general complaint form (DN 1). As Defendants, she lists Meyzeek Middle School and the Jefferson County Public School System. In the section of the form complaint directing the plaintiff to state the grounds for filing her case in federal court, she writes, "U.S. Code 42 Discrimination at Public School."

Factually, Crawford alleges that her twelve-year-old daughter, Erica, was "jumped on [and] beaten up" at Meyzeek Middle School in June 2004. She also alleges that Erica "was jumped at the school at Noe Middle." Crawford reports that she met with the principal and the

---

[1] While only Donna and Erica Crawford are listed in the caption of the complaint, an unintelligible signature is also listed below Donna's and Erica's names on the last page of the complaint. As the name is unintelligible and because only Donna and Erica are listed in the caption, *see* Fed. R. Civ. P. 10(a) ("In the complaint the title of the action shall include the names of all the parties. . . ."), only Donna and Erica Crawford are proper plaintiffs in this action.

assistant principal on three occasions each but "nothing was done about it."[2] She then claims that on the last day of school,[3] her daughter was "jumped on again and beat up" receiving numerous injuries, "and her face was kicked in." As relief, Crawford seeks the payment of all medical and counseling bills, punitive damages, damages for pain and suffering, and lost wages for when she had to take off from her job.

## II. STANDARD OF REVIEW

Because the plaintiff is proceeding *in forma pauperis*, this court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this court must dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

---

[2] It is unclear whether Crawford met with these officials at Noe Middle School, Meyzeek Middle School or both.

[3] Again, it is unclear which school Crawford is referencing.

### III. ANALYSIS

As a preliminary matter, because Crawford alleges discrimination and abuse, references Title 42 of the United States Code, and sues a public school and a public school system, the Court construes the complaint as being brought pursuant to 42 U.S.C. § 1983. Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

#### A. Donna Crawford

In order to assert a cognizable § 1983 claim, a plaintiff must allege specific facts. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Id.* A complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)).

Furthermore, a complaint filed under § 1983 must also show a causal connection between the named defendants and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by the defendants was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery County*, 989 F.2d 885, 889

(6th Cir. 1993). To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id*. When the theory of causation is a matter of pure speculation and is nothing more than an hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir.), *cert. denied*, 513 U.S. 873 (1994).

While Crawford provides some details regarding her daughter's abuse at school, Crawford wholly fails to provide any details explaining how either defendant violated *her* rights or otherwise caused *her* any harm. She broadly alleges "discrimination" but again fails to provide any details or causal connection to either defendant. The complaint is therefore factually insufficient with respect to any of Crawford's own claims, and those claims must be dismissed.

### B. Erica Crawford

The crux of the complaint concerns allegations of the abuse of Erica Crawford while at middle school. Donna Crawford, who is proceeding *pro se*, is attempting to bring these claims on her daughter's behalf. Crawford's *pro se* representation of her daughter's claims, however, is not permissible.

"Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305,

4

1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted). Consequently, in a § 1983 action, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d at 970 (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990));[4] *Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 756 (6th Cir. 2005) (concluding that § 1654 and Rule 17(c) do not give parents the right to act as their child's attorney in a case brought pursuant to the Individuals with Disabilities in Education Act); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding, in a § 1983 action, that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."). Moreover, "'[t]hat a non-lawyer may not represent another person in court is a venerable common law rule based on the strong state interest in regulating the practice of law.'" *Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d at 756.

For these reasons, Donna Crawford, an unrepresented parent, cannot bring this action on behalf of her minor daughter, Erica, without legal representation. Therefore, the claims asserted

---

[4]In *Cheung*, a federal civil rights case, the Second Circuit observed,

> It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. There is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian.

*Id.* at 61.

on behalf of Erica Crawford will be dismissed without prejudice. Should Crawford wish to pursue Erica's claims, she must obtain counsel.[5]

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiffs, *pro se*
        Defendants
4411.005

---

[5]Crawford did not request appointment of counsel in this civil action, and the Court is under no obligation to make such a request *sua sponte*. 28 U.S.C. § 1915(e) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added).